CAMACHO, PLAINTIFF AND APPELLANT, *v.* ORTIZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Annulment of Deed and Cancelation of Record.

No. 3070.—Decided January 22, 1924.

NOTICE—CALL OF DOCKET—ABANDONMENT OF ACTION.—It is not the duty of the clerk of a district court to notify the parties of the day set for the trial; therefore, the plaintiff having failed to appear at the trial on the day previously set when the docket was called, a motion by the defendant that the plaintiff be considered as having abandoned his action should be sustained.

The facts are stated in the opinion.
*Mr. P. Amado Rivera* for the appellant.
*Mr. P. Fajardo Martínez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint in this case was amended for the fourth time on September 13, 1919. The defendant opposed it and on December 14, 1922, this court on appeal reversed the judgment of the district court dismissing the action for abandonment and remanded the case for further proceedings. A certified copy of the judgment of this court was sent to the trial court on January 23, 1923, and there added to the record. At the call of the civil docket in the district court on March 10, 1923, the defendant asked that the case be set for trial and it was so set by the court for March 26, 1923.

On that day the plaintiff did not appear for trial either personally or by attorney and the defendant appeared and moved that because of the plaintiff's failure to appear the court dismiss the action for abandonment. The district court rendered judgment accordingly on April 2, 1923, and the plaintiff took the present appeal. This is all that the transcript of the record discloses.

There is no provision in the Code of Civil Procedure making it a duty of the clerk of a district court to notify the parties of the day set for the trial of a case, for the law presumes that they are always advised of the course of pending cases. Therefore, as the setting of a day for the trial of this case was made in open court at the call of the civil docket, the plaintiff thus received notice of said setting and upon his failure to appear the defendant was allowed by subdivision 3 of section 192 of the Code of Civil Procedure to move the court to dismiss the action and the court was empowered to render judgment to that effect.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.